**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FILED
JUL 17 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE ARTHUR MASSONGILLE (D-1),

    Defendant.
_____/

Criminal Case No. 06-20164

HON. DENISE PAGE HOOD

**ORDER DENYING MOTIONS FOR RESENTENCING BASED
ON RETROACTIVE APPLICATION OF SENTENCING GUIDELINES
TO CRACK COCAINE OFFENSES UNDER 18 U.S.C. § 3582**

This matter is before the Court on Defendant Jesse Arthur Massongille's Motions for Resentencing based on retroactive application of the Sentencing Guidelines to Crack Offenses pursuant to 18 U.S.C. § 3582(c). On September 19, 2006, Massongille entered a plea of guilty to all three counts of the Indictment alleging Distribution of Cocaine Base ("Crack Cocaine"), in violation of 21 U.S.C. § 841(a)(1), occurring on three occasions--October 7, 12 and 18, 2005. On March 8, 2007, the Court imposed a sentence of 96 months on each count, to run concurrently, and three years of supervised release. (3/26/2007 Judgment) On March 3, 2011, the Court entered an Order denying Massongille's Motion to Reduce his sentence.

Massongille has since filed two Motions for Retroactive Application of Sentencing Guidelines to Crack Offenses.

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams of powder cocaine when it first promulgated the United States Sentencing Guidelines. *Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made the amendment retroactive. *Id.,* Amdt. 713 (effective Mar. 3, 2008). When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision. A defendant subject to a statutory mandatory minimum sentence is not eligible for reduction because Amendment 706 does not lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for reduction where the original sentence was based on the career-offender guidelines and not the crack cocaine guidelines. *Id.* at 422-23.

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), and the Commission promulgated amendments to the

Guidelines to lower penalties for crack cocaine convictions. The FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for drug offenders. 21 U.S.C. § 841(b)(1). The Sixth Circuit Court of Appeals, in an *en banc* decision, held that teh FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect," and neither the United States Constitution nor § 3582(c)(2) provides a basis for circumventing this interpretation. *United States v. Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) *(en banc), cert denied,* 134 S.Ct. 1779 (2014).

Massongille was determined to be a career offender and his Total Offense Level was calculated at 29, a Criminal History Category VI, with a guideline range of 151 to 188 months. The Court's sentence of 96 months was well below the advisory guideline range calculated at the time of sentencing. As this Court previously held, Massongille was not entitled to retroactive application of the Guideline range for crack cocaine since his sentence was based on his career offender status. (3/3/2011 Order, Doc. No. 34) In addition, based on *Blewett,* the Court finds that Massongille is not eligible for a retroactive application of the crack cocaine guidelines under the FSA since his sentence in 2007 was imposed before the FSA went into effect in 2010. *Blewett,* 746 F.3d at 650.

Accordingly,

IT IS ORDERED that Defendant Jesse Arthur Massongille Motion for Retoractive Application of Sentencing Guildines to Crack Cocaine Offense under 18 U.S.C. § 3582 **(No. 35)** and Motion to Amend Motion for Retoractive Application of Sentencing Guildines to Crack Cocaine Offense under 18 U.S.C. § 3582 **(No. 37)** are DENIED.

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: JUL 17 2014